UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| USD 443 DODGE CITY,<br><br>　　Plaintiff,<br><br>　v.<br><br>NICK MUETING and PAULA MUETING,<br><br>　　Defendants. | Case No. 25-1101-HLT-BGS (Lead Case) |
| SOUTHWEST KANSAS AREA COOPERATIVE #613,<br><br>　　Plaintiff,<br><br>　v.<br><br>NICK MUETING and PAULA MUETING,<br><br>　　Defendants. | Case No. 25-1102-HLT-BGS |
| ANDREW MUETING, et al.,<br><br>　　Plaintiffs,<br><br>　v.<br><br>UNIFIED SCHOOL DISTRICT NO. 443 and SOUTHWEST KANSAS AREA COOPERATIVE NO. 613,<br><br>　　Defendants. | Case No. 25-2266-HLT-BGS |

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONSOLIDATE**

This matter comes before the Court on Southwest Kansas Area Cooperative District No. 613's ("SKACD") and Unified School District #443's ("USD 443") Unopposed Motions to

1

Consolidate.[1]  Doc. 23 in Case No. 25-1101-HLT; Doc. 22 in Case No. 25-1102-HLT; Doc. 10 in Case No. 25-2266-HLT; Doc. 79 in Case No. 24-2381-HLT.  All four motions are nearly identical and request the same relief.  By way of these motions, SKACD and USD 443 ask the Court to consolidate the four related cases, three of which are actions pertaining to the Individuals with Disabilities Education Act ("IDEA") and one of which primarily pertains to the Americans with Disabilities Act ("ADA")[2] and Section 504 of the Rehabilitation Act.  For the reasons stated herein, the Court **GRANTS in part** the request to consolidate.

### I.   BACKGROUND

The four cases can be separated into two groups: the cases which pertain to the IDEA (hereinafter the "IDEA cases") and the case which primarily arises from the ADA and Section 504 of the Rehabilitation Act (hereinafter the "ADA/Section 504 case").[3]

Andrew Mueting, Nick and Paula Mueting's son, is a 20-year-old student enrolled in USD 443, Dodge City Public Schools.  Andrew has multiple disabilities including visual impairments, hearing impairments, Autism, and other disabilities.  Because of his disabilities, Andrew qualified for special education services.  Those services were provided by SKACD.

Andrew attended his first two years of high school in Dodge City, Kansas, from 2019-2021.  USD 443 and SKACD (collectively "the Districts") arranged for Andrew to attend Brehm Preparatory School ("Brehm") in Illinois for the next two years, 2021-2023.  Andrew then returned to Dodge City for the 2023-2024 school year.

---

[1] USD 443 filed a motion to consolidate in Case No. 25-1101.  SKACD filed motions to consolidate in the other three cases (*see* Case Nos. 25-1102, 25-2266, and 24-2381).

[2] The governing law is now the ADA Amendments Act of 2008 ("ADAAA").  However, the Court will use the term "ADA" for ease of reference.

[3] The IDEA cases are Case Nos. 25-1101, 25-1102, and 25-2266.  The ADA/Section 504 is Case No. 24-2381.

a. **The IDEA cases**

On or about September 30, 2021, the Muetings filed a due process complaint against the Districts alleging violations of the IDEA for failing to provide a free and appropriate public education ("FAPE"). The hearing lasted approximately thirty (30) days beginning on April 18, 2022 and concluding on January 27, 2023.[4] On April 4, 2024, the Hearing Officer rendered his decision finding for the Muetings. He concluded that the Districts violated the IDEA, deprived Andrew of a FAPE, and issued an award consisting of transportation costs and compensatory education. On May 3, 2024, the Districts appealed the decision to the Kansas State Department of Education. On April 17, 2025, the Review Officer adopted the findings of fact and conclusions of law of the Hearing Officer and affirmed the underlying decision.

The Districts separately commenced two actions (Case Nos. 25-1101 and 25-1102) seeking judicial review of the underlying administrative decisions. The Muetings filed their own lawsuit (Case No. 25-2226) seeking recovery of their attorneys' fees and costs as the prevailing party under the IDEA. Brehm is not a party to the IDEA cases.

b. **ADA/Section 504 Case**

Plaintiffs Andrew, Nick, and Paula Mueting bring claims against the Districts, several individuals, and Brehm, alleging that the Defendants deprived him of meaningful access to public education and reasonable accommodations and treated him differently than similar situated students. Andrew asserts claims for disability discrimination and retaliation under the ADA and the Rehabilitation Act, for violation of his Fourteenth Amendment right to equal protection, and for

---

[4] After the conclusion of the hearing, the Muetings filed a second due process complaint on October 18, 2023, alleging additional violations of the IDEA. Due to discussions regarding global resolution, no hearing has been held on the second due process complaint and no decision has been rendered. Doc. 23 at 2, in Case No. 25-1101. On this note, the Court intends to subsequently set a status conference across the board to discuss early mediation/settlement once all counsel have entered.

3

breach of contract. His parents join him in bringing the retaliation claim and one of the breach-of-contract claims. The allegations span five years, from 2019 through 2024.

In response, SKACD filed a motion for judgment on the pleadings, which was joined by USD 443. Brehm filed a motion to dismiss. The Court stayed discovery pending a ruling on the dispositive motions. The District Judge denied Brehm's motion to dismiss and granted in part a motion for judgment on the pleadings.[5] The Court has entered an initial order, but no further substantive activity has occurred.

### c. The Motions to Consolidate

On May 27, 2025, SKACD filed three motions to consolidate in Case Nos. 25-1102, 25-2266, and 24-2381. The next day, USD 443 filed a motion to consolidate in Case No. 25-1101. The motions seek to consolidate all four actions. The Districts argue that the IDEA cases involve the same parties and "[t]he discrimination case includes the same parties as the appeals with the addition of Brehm Preparatory School." *See* Doc. 23, at 3 in Case No. 25-1101. Further, the motions provide that "[a]ll four matters arise from the same set of facts and revolve around Andrew's educational services from 2019 to 2024." *Id.* No party opposes the motions. However, via email communication to the Court, defense counsel for Brehm stated:

> Brehm has no objection to the consolidation of these matters for discovery and all other pretrial matters. Brehm does not have a sufficient understanding of the claims presented in the cases to which it is not a party to consent to consolidation for trial purposes at this point in the proceedings and would respectfully reserve objection to a consolidated trial in these matters at this time.

The Court has reviewed the motions, considered the parties' positions, and is prepared to rule.

### II.   CONSOLIDATION

### a. Legal Standard

A court may consolidate actions if they involve a "common question of law or fact." Fed. R.

---

[5] Two administrators were dropped from the action as a result of the order.

Civ. P. 42(a)(2). The decision whether to consolidate such actions is left to the trial court's sound discretion. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Id.* Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate. *Id.* Courts should also consider whether judicial efficiency is best served by consolidation. *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

    b. **Analysis**

The Court finds that consolidation of the IDEA cases is appropriate (*see* Case Nos. 25-1101, 25-1102, and 25-2266), but that the ADA/Section 504 case—Case No. 24-2381—should remain independent and proceed forward in the ordinary course. While all four cases generally involve issues involving Andrew's education and involve mostly the same parties, the procedural differences, applicable standards of review, scope of discovery, and case management, do not warrant consolidation across all four cases.

IDEA cases follow a specific administrative exhaustion requirement that requires parties to proceed first through a due process hearing before seeking judicial review in federal court. When judicial review is sought, the Court "receive[s] the records of the administrative proceedings . . . hear[s] additional evidence at the request of a party . . . and . . . basing its decision on the preponderance of the evidence . . . grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B). When reviewing IDEA proceedings,

> courts must independently decide whether the IDEA requirements have been met under a modified de novo standard. In accordance with this modified de novo standard, courts must "independently review the evidence contained in the administrative record, accept and review additional evidence, if necessary, and make a decision based on the preponderance of the evidence, while giving due weight to the administrative proceedings below."

*E.C. v. U.S.D. 385 Andover*, 2020 WL 2747222, at *3 (D. Kan. May 27, 2020).

Here, the two IDEA cases seeking review of the administrative proceedings seek similar relief, have the same parties, share operative facts, and will follow a similar procedural path. Likewise, the attorneys' fees action initiated by the Muetings is intertwined with these cases because they seek recovery of attorneys' fees and costs associated with the underlying due process action. Accordingly, consolidation of the IDEA cases conserves the parties' resources and promotes judicial economy. Therefore, consolidation of the IDEA actions under Rule 42(a)(2) is warranted.

In contrast, the ADA/Section 504 case will follow a completely different path. The claims at issue here involve discrimination, reasonable accommodations, and accessibility-related issues, which will likely go beyond the scope of review in the IDEA cases. Further, the case will follow a typical procedural path where the parties are afforded the opportunity to conduct discovery, including depositions, which may be particularly important for Defendant Brehm, who was not a party in the IDEA cases. After discovery closes, a pretrial order will be entered, dispositive motions will be filed, and in the event the claim(s) survive summary judgment, the case will proceed to trial. Consolidating the ADA/Section 504 case with the IDEA cases could create confusion about which procedural rules apply, what evidence can be discovered, how dispositive motions will be handled, and which legal standards govern which claims. It could also prolong the IDEA cases unnecessarily since those cases should be able to operate on an abbreviated schedule since "additional evidence" is the exception not the norm.

While there are similarities between the two groups of cases, the Court does not find that the ADA/Section 504 case is so similar that it warrants consolidation with the IDEA matters. In fact, consolidation may invite more problems than it solves. Therefore, the Court declines to consolidate the ADA/Section 504 action.

### III. CONCLUSION

USD 443's and SKACD's unopposed motions for consolidation are **GRANTED IN PART**. The request to consolidate Case Nos. 25-1101, 25-1102, and 25-2266 is **GRANTED**. The request to consolidate Case No. 24-2381 is **DENIED.**

As it pertains to the IDEA cases, *USD 443 Dodge City v. Mueting,* Case No. 25-1101 is designated as the lead case. All papers and documents previously filed and/or served in the IDEA cases shall be deemed a part of the record. All future filings in the consolidated IDEA action should be made only in Case No. 25-1101-HLT-BGS, triple-captioned as set forth above, unless a filing concerns a matter unique to only one of the cases.

**IT IS THEREFORE ORDERED** that USD 443's and SKACD's motions to consolidate are **GRANTED in part and DENIED in part** as set forth above. Doc. 23 in Case No. 25-1101-HLT; Doc. 22 in Case No. 25-1102-HLT; Doc. 10 in Case No. 25-2266-HLT; Doc. 79 in Case No. 24-2381-HLT.

**IT IS FURTHER ORDERED** that *USD 443 Dodge City v. Mueting*, Case No. 25-1101, *Southwest Kansas Area Cooperative #613 v. Mueting*, Case No. 25-1102-HLT-BGS, and *Mueting v. Unifed School District No. 443*, Case No. 25-2266 are hereby consolidated. The lower-numbered case, *USD 443 Dodge City v. Mueting*, is designated as the lead case. Unless a filing concerns a matter unique to only one of the cases, all future filings in the consolidated action are to be made only in the lead case until further order.

**IT IS FURTHER ORDERED** that *Mueting v. Unified School District No. 443* (Case No. 24-2381) is not consolidated. That case shall proceed forward in the ordinary course.

**IT IS SO ORDERED.**

Dated June 10, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson

United States Magistrate Judge

8